# Mansony, *ex parte.*

1. The jurisdiction conferred upon the Supreme Court to issue writs of " injunc-tion, mandamus, &c." is *revisory*, and can only be exercised where justice re-quires it, in order to control an " inferior jurisdiction."

2. *Quere*—can this Court award a *mandamus* to the ministerial officer of another Court ? It certainly cannot for the purpose of coercing the issuance of an exe-cution by the clerk of a Circuit Court, on a judgment of that Court; the proper remedy in such case, is a motion to the Circuit Court for a mandatory order to the clerk.

A motion for a *mandamus* to the clerk of the Circuit Court of Mobile.

STEWART, for the motion.—The Supreme Court may grant a *mandamus,* and its jurisdiction is not appellate. (Aik. Digest 237.) The writ lies to compel the performance of duty, not merely to review the correctness of a decision, 5 Com. Dig. 33. It lies to compel a ministerial officer to do a specific act, 5 Com. Dig. 38. It is not a judicial writ, but mandatory, and will be granted where the court is satisfied of the party's right, to com-pel an officer to act. (5 Com. Dig. 54 ; 19 Johns. Rep. 259 ; 3 Binney's Rep. 273 ; 5 Ibid. 87 ; 6 Ibid. 456 ; 3 Dallas' Rep. 42 ; 6 Johns. Rep. 279, see note.)

COLLIER, C. J.—Chas. J. Masony, by his counsel, has moved this court for a writ of *mandamus,* to be directed to Malcolm J. McRae, clerk of the circuit court of Mobile, com-manding him to issue a writ of execution on a judgment hereto-fore obtained by Mansony in that court, against Robert Chap-man and others.

It does not appear from the record submitted to us, that the circuit court of Mobile has been applied to for a *mandamus,* or an order to coerce its clerk to issue an execution. But a motion is in the first instance made here, under the *proviso* to the second

Mansony, *ex parte.*

section of the fifth article of the constitution, which is in these words :—" That the Supreme Court shall have power to issue writs of injunction, mandamus, quo warranto, habeas corpus, and such remedial and original writs, as may be necessary to give it a general superintendence and control of inferior jurisdiction."

In the case of *ex parte* the Simonton's and another (at June, 1839,) we determined that the power conferred upon the court by that *proviso* was in general revisory, and that this court could only act where the purposes of justice required it, in order to control an " inferior jurisdiction." That case was an application for a writ of *habeas corpus,* and was denied by the court on the ground that the circuit court, or a judge of that court had not refused to award the writ ; so that if this court had entertained the motion, it would not have exercised a general superintendence and control of a subordinate tribunal, but an original jurisdiction, which is expressly inhibited by the section of the constitution of which the *proviso* cited is a part.

It is difficult to discover anything in the facts upon which this motion is founded, that should induce the interposition of the court, which was not shown in the case cited. Without pretending to decide whether and under what circumstances we could direct a *mandamus* to the ministerial officer of another court, we are sure we could not entertain the present motion, without overstepping the limits which the constitution has prescribed to our powers.

But if our jurisdiction was unquestionable, it would be impossible for us to award the writ. A *mandamus* is granted only where there is a clear legal right, and no other specific and adequate legal remedy. Now if the legal right be with Mansony, can he not move the circuit court for an order to its clerk to issue an execution ; (*Vide, ex parte* Jones at this term) and thus obtain a decision upon the case he has presented to us ? We can discover no obstacle to such a proceeding. The motion must be denied.