## WHITE & BINGHAM v. SHANNON.

1. An order of the Circuit Court to sell land, levied on by a constable, is not such a final judgment as a writ of error will lie from.

Error to the Circuit Court of Tallapoosa.

HEYDENFELDT, for plaintiff.
T. CLAY, contra.

ORMOND, J.—This was a motion in the Circuit Court of Tallapoosa, to sell land levied on by a constable. The proceeding is founded on a statute which declares, " that whenever it shall become necessary for want of personal property, to levy an execution, issued by a justice of the peace, on land, it shall be the duty of the officer levying such execution, to return the same to the next Superior Court of his county, and such Court shall, on motion of the plaintiff, and it appearing by the exhibition of the proceedings before the justice, that the same have been regular, to order a sale of such land, or whate-

ver part thereof may be necessary to satisfy such execution." Aik. Dig. 164.

The design of the legislature appears to have been, to provide record evidence, by which the purchaser of land sold under an execution of a justice of the peace, if compelled to sue to obtain the possession, might establish his right, without trusting to the uncertain and fleeting memoranda of a justice of the peace. The action of the Court is confined to an examination of the proceedings before the justice, and if they are regular, it orders a sale of the land. This is not a final judgment, or any thing in the nature of one. It is at most, a confirmation of the levy made by the constable. The statute evidently contemplates that the whole proceeding is to be *ex parte.* If the process issues irregularly from the Circuit Court, it may be superseded, and in the possible, though highly improbable event, that the supposed proceedings were fictitious, ample redress would be found in the means now provided by law for the redress of grievances.

It results from what has been said, that no writ of error can be prosecuted to this Court in such a case as the present, and the writ of error is therefore dismissed.