## RENFRO, BY HER NEXT FRIEND, EX PARTE.

1. A cause is not before the Supreme Court, so as to authorize that Court to make an order in respect to it, until the term when the writ of error is returnable.
2. The Supreme Court cannot set aside a *supersedeas* which has been issued upon the suing out a writ of error and executing a bond, on the ground of defects in the bond; in such case the appropriate remedy should be sought in the primary Court.

In this case the transcript of a record of the Circuit Court of Macon has been presented, showing that since the commencement of the present term, a writ of error was sued out by Reuben Kelly, to revise a judgment recovered at the term of that Court holden in the spring of this year, by Isabella Renfro, by her next friend, &c. It appears that the writ is returnable to January, 1846, that bond with surety has been executed for the successful prosecution of the same, and that the proceedings on the judgment have been stayed in the meantime.

The plaintifl in the judgment, by her next friend, now moves to set aside the *supersedeas*, and for an order directing the clerk of the Circuit Court to issue an execution forthwith, upon alledged defects in the writ of error bond, which it is insisted make it insufficient and void.

P. MARTIN, for the motion.

COLLIER, C. J.—The writ of error being returnabte to the next term, the cause is not now before us; and if it was, as the bond by which execution is superseded is consequential to the writ of error, and not at all essential to the jurisdiction of this Court, it is the appropriate duty of the primary Court to determine whether it is a sufficient warrant for a *supersedeas*, and to order an execution to issue, if it shall be adjudged insufficient.

In Mansony ex parte, 1 Ala. Rep. 98, we held that the jurisdiction conferred upon the Supreme Court to issue writs of "injunction, mandamus, &c." is *revisory*, and can only be exercised where justice requires it, in order to control an inferior jurisdic-

tion." And without undertaking to consider whether it was allowable for us to award a *mandamus* to the ministerial officer of another Court, we determined that we could not award it, for the purpose of coercing the clerk of an inferior Court to issue an execution on a judgment of that Court. *Further*, that the proper remedy in such case, is a motion to the Court below, for a mandatory order to the clerk. This case is a conclusive authority against the motion, and it is consequently denied.