## TARDY vs. MURRY & DURAND, Ex'rs, &c.

1. A certificate, which omits to show the time at which the writ of error issued and the term to which it is returnable, is sufficient to authorise an affirmance of the judgment.

2. If a writ of error be not returned to the term to which it issued, but is abandoned, by the party afterwards suing out a new one returnable to a subsequent term, it becomes a nullity, and a certificate issued on it, pending the second writ, will not authorise an affirmance of the judgment.

MOTION for the affirmance of a judgment rendered in the Circuit Court of Mobile in favor of Tardy v. Murry & Durand, executors, &c.

JEWETT, for the motion.

STEWART, contra.

CHILTON, J.—Tardy moves to affirm the judgment of the court below on the certificate of the clerk. We should under the circumstances grant the motion, but the certificate does not conform to the requisitions of the statute.—Clay's Digest, 308-9, § 13. It does not "show the time at which the writ of error issued," nor the term of the court to which it issued. The statute expressly requires that the clerk's certificate, upon which an affirmance may be had, must show the time at which the writ of error issued. This certificate says the writ was issued in 1849, but whether to the June term 1849, or this term, is not shown. Indeed, we can only determine by inference that it was issued to this court, the clerk certifying that

38

the judgment was superseded until the cause should be decided by the Supreme Court. The motion must be denied, with leave to renew it on the production of a proper certificate.

NOTE BY REPORTER.—On a subsequent day of the term, the motion for an affirmance was renewed on production of the proper certificate, which was resisted, and the following opinion was delivered.

CHILTON, J.—On a previous day of this term, a motion was made to affirm the judgment in this cause upon certificate. We refused to grant the motion, because the certificate did not conform to the statute. It is now renewed upon the production of a proper certificate by Mr. Jewett, which shows that the writ of error was sued out to the June term 1849. The motion is, however, resisted on the ground that on the 4th day of this month a new writ of error has been sued out, returnable to the next term of this court, and which is now shown in court. Does this furnish a sufficient reason why the judgment should not be affirmed on certificate?

In Haden & Everett v. The United States, 4 Port. R. 395, it is intimated that a writ of error made returnable to a previous term of this court, but which was not in fact so returned but abandoned, by the party suing out another writ, became a nullity—citing 4 Dallas Rep. 21. And when the same case afterwards came before this court, it was held that if the party fails to file the transcript at the time to which it is returnable, a new writ of error may be sued out at any time before the affirmance of the judgment, on certificate.—5 Port. 533. When it is sued out and is pending, it is very clear that the judgment should not be affirmed upon the old writ which becomes a nullity, according to the decisions just quoted. It is true that the record under the new writ has not been filed, but according to the rule applicable to such cases, the party has until the close of the third day of the next term, to which it is made returnable, within which to file it. So that under the previous practice of this court, we do not think we should be justified in affirming the judgment upon the old writ of error while a new one is pending, upon which no affirmance can be had at this term.—8 Ala. 490. The question made by the counsel for the

motion upon the sufficiency of the citation to hear errors, cannot affect the present inquiry. If the citation be insufficient, the plaintiff in error has the privilege of perfecting it within the time prescribed by law.

The motion is consequently denied.

After this opinion was delivered, it occurred to me that under it a party might avoid the affirmance of a judgment *ad infinitum*, but for the three years statute of limitations applicable to writs of error, merely by suing out new writs of error before each term, and I suggested my difficulty to the counsel and requested the papers to be returned that I might look into it; but a moment's reflection has satisfied me that there is nothing in this view, because a party cannot sue out a new writ until the first becomes a nullity by not being returned to the court to which it is returnable; and as a new writ could not be sued out until after the expiration of the term to which the first writ was made returnable, the party, against whom it was issued, would always have the term to which it was returnable, within which to affirm on certificate.

