## MAZANGE *vs.* SLOCUM & HENDERSON.

1. Actions and proceedings commenced before the Code took effect are governed by the old law as to all continuous proceedings had in the court in which they are pending; but proceedings in the nature of a new action, although predicated upon the determination of the court had under the old law, if commenced after the Code went into operation, must conform to its provisions.—(Code of Alabama § 12.)

2. Section 3016 of the Code, abolishing writs of error, and giving an appeal in lieu thereof, applies alike to ju gments rendered before and since the 17th January, 1853, the day on which the Code went into operation.

3. When a cause is stricken from the docket of the Supreme Court for want of jurisdiction, no costs are recoverable.

ERROR to the Circuit Court of Monroe.

MOTION is made to dismiss the cause from the court for want of jurisdiction, the writ of error having issued since the 17th January, 1853, the day on which the new Code went into operation.

S. J. CUMMINGS, for the motion.

R. C. TORREY, *contra.*

CHILTON, C. J.—The Code abolishes writs of error in civil cases, and gives an appeal, as matter of right, in lieu thereof. See section 3016.

The appeal under this section, like the writ of error for which it is substituted, is a new proceeding, and is the commencement of proceedings in this court to revise the final action of the court below, and cannot be regarded as the continuation of proceedings in the primary court. It is, therefore, unaffected by the twelfth section of the Code, which declares that "no action or proceeding commenced before the adoption of this Code, is affected by its provisions." The meaning of this twelfth section is, that actions and proceedings commenced before the Code took effect are governed by the old law as to all continuous proceedings had in the court in which they are pending; but proceedings in the nature of a new action, although predicated upon the determination of the court had under the old law, if com-

menced after the Code went into operation, must conform to its provisions.

As to the limitation for suing out appeals : section 3040 of the Code, which reduces the time two years, at the same time excludes judgments rendered before it took effect, leaving such judgments subject to the three years limitation as provided by the old law.

But section 3016 is general in its terms, and prescribes the manner in which this court is to take jurisdiction for revising the judgments of the inferior courts in civil cases, and applies alike to judgments rendered before as to those rendered after the Code went into operation. The proceeding to revise them must conform to the provisions of the new law.

The writ of error in this case having issued since the 17th of January, 1853, gives this court no jurisdiction, and the case stands upon the docket as though no writ of error had been sued out. There is no warrant therefore for putting it on the docket, and it must be stricken from it. It is clear that no costs can be allowed in such case.