## GOLDSMITH, FORCHEIMER & CO. *vs.* LANG.

1. An affidavit, made by a debtor in custody under bail process, " that he has no moneys, estate, or effects, real or personal, in possession or in expectancy, within the State of Alabama, *subject to levy and sale by execution*," without adding "*whereby to satisfy the debt*,"—was not sufficient to warrant his discharge under the act of 1839 (Clay's Digest, p. 71, § 3), but it is sufficient under the Code (§ 2182).
2. Proceedings instituted by a debtor (who was in custody under bail process sued out before the Code went into operation, but was surrendered by his bail after that time,) to obtain his discharge, must conform to the provisions of the Code.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS was an action against a sheriff for an alleged escape, and was commenced by summons and complaint under the Code. The complaint alleges, that the plaintiffs, Goldsmith, Forcheimer & Co., commenced an action at law against one L. B. Acker on the 30th day of January, 1852, and at the same time sued out a bail writ against him, on the ground

that he had fraudulently conveyed his estate or effects; that said writ was placed in the hands of the then sheriff of Mobile, who arrested said Acker under and by virtue of it; that said Acker, on the same day, gave bond, in due course of law, with condition that, if cast in said suit, he should pay and satisfy the judgment of the court, or surrender his body in satisfaction thereof, or that his sureties in the bond should do the same for him; that such proceedings were afterwards had in said suit, that plaintiffs recovered a judgment against said Acker on the 17th day of November, 1852, upon which judgment an execution was issued, in due form of law, returnable to the next term of the court, commanding the arrest of the body of said Acker to satisfy said judgment; that this writ came to the hands of the defendant, James W. Lang, who was then the sheriff of Mobile, on the 20th day of December, 1852, and was by him returned "not found" on the 4th day of February, 1853; that said Acker was afterwards, to-wit, on the 4th day of April, 1853, surrendered into the custody of said defendant, as sheriff, in satisfaction of said judgment; and that said defendant afterwards suffered him to escape out of custody, without any legal right or authority for so doing.

The defendant pleaded, that said Acker, after his surrender as alleged in the complaint, to-wit, on the 29th day of April, 1853, made affidavit, before a justice of the peace, that the particular allegation sworn to by plaintiffs in order to hold him to bail, viz., that he had fraudulently conveyed his estate or effects, was untrue, and that he had no estate, moneys, or effects, real or personal, in possession or expectancy, within the State of Alabama, subject to levy or sale by execution, or anything in action, in his possession, or under his control, within said State, excepting articles which are exempt from levy and sale by law; that the plaintiffs had three days' notice of the time and place when, where, and before whom said affidavit would be made; that the justice of the peace before whom the application was made thereupon granted an order discharging said Acker from custody, under which order defendant discharged him, as he was by law bound to do. The affidavit and schedule made and filed by said Acker, which are made a part of the plea, are as follows:

"Affiant says, that he has no moneys, estate, or effects, real

or personal, in possession or in expectancy, within the State of Alabama, subject to levy and sale by execution, nor anything in action, in his possession, or under his control, in said State, excepting those articles which are exempt from levy and sale by law ; and that he has not conveyed or concealed anything for his own use, or to defraud his credit ors."

"L. B. Acker has no estate, moneys, or effects, of any kind, real or personal, in possession or expectancy, within the State of Alabama, subject to levy and sale by execution, and nothing in action, in his possession, or under his control, in said State; and for this reason he can file no schedule of his property."

The plaintiffs demurred to this plea, and specified the following causes of demurrer :

"1. That said plea is inconsistent on its face, in this : It states that said Acker, in the affidavit made by him before said justice of the peace, ' declared on oath that the particular allegation sworn to on behalf of the plaintiff in order to hold him to bail, to-wit, that he had fraudulently conveyed his estate or effects, was untrue ;' and said plea sets forth said affidavit at length as a part of said plea, and there is no such allegation on oath in said affidavit.

"2. That said plea is double.

"3. That, in order to discharge said Acker with schedule, plaintiffs were entitled to ten days' notice of the time, place, and justice of the peace, when, where, and before whom said Acker was to appear, and make such schedule and affidavit.

"4. That said affidavit was insufficient to warrant the discharge of said Acker by said defendant in the suit complained of.

"5. That, if the affidavit itself were sufficient to warrant a discharge, such as the plea sets up, no such schedule is annexed as is required by the statute, but only an excuse why no schedule is made.

"6. Because the magistrate had no jurisdiction to order a discharge in the premises."

The court overruled the demurrer; and issue being then joined on the plea, the jury returned a verdict for the defendant. The overruling of the demurrer is the only error assigned.

JOHN T. TAYLOR, for the appellants:

Mr. Acker was arrested under the old law existing before the Code; and to discharge himself, he should have taken the oath required in Clay's Digest, page 71.—23 Ala. 668; 1 *ib.* 22; 10 *ib.* 237.

The affidavit is wholly insufficient as a controverting oath, under the second section of the said act. The act says, the defendant must swear, that he has neither "money, estate, or effects, whereby to satisfy the debt." The affidavit says, that he has no money, estate, &c., "in the State of Alabama, subject to levy and sale by execution." The act also requires the affidavit made by the plaintiff to be controverted, which this affidavit fails to do. He may have had money "whereby to satisfy the debt," although it might not be subject to "levy and sale."—1. Cranch 117; 2 Port. 410; 3 M. & W. 248; 4 Verm. 513.

Neither is this affidavit good under the third section of the act referred to. The oath provided by that section can only be taken when the defendant has some effects, and therefore he cannot take the controverting oath provided in the second section. Under this section, the defendant is required to file his schedule of effects. The oath required is not as comprehensive as that required by the second section, and the defendant cannot be allowed, when he has no effects at all, to escape the oath provided for his case in the second section, by taking that in the third; that would enable defendant to avoid both acts, as he has attempted to do in this case.

It is clear, however, that the affidavit was made in view of the provisions of the Code, which, we say, is wrong; but admitting this is right, then he has equally failed to comply with that act. By the Code, two classes of cases are provided for, as under the old law: one, where the defendant has no effects; and the other, where he has effects. In the first case, defendant must controvert the oath made by the plaintiff, which is here not done, and must also swear that he has no money, effects, &c., within the State of Alabama, to satisfy the debt. In this case, the defendant only swears that he has none "subject to levy and sale by execution." In the latter case provided by the act, the defendant "must file his schedule, setting forth the character, description, &c., of the effects."

32

Now the defendant, in his affidavit, does not pretend to comply with this act : instead of affirming the requirements in his own affidavit, he says that he cannot comply because he has no effects.   Then he should have taken the oath required by the first section, which was provided specially for his case. The oaths are very different, and he cannot protect himself under this last section, without complying fully with its requirements.   As the creditor cannot arrest his debtor, except by a strict compliance with the statute ; so the debtor cannot discharge himself, when arrested, except by a compliance with the terms of the act.—1 Paine 400.

A. R. Manning, *contra:*

1. The law having given a judicial cognizance of the matter to the justice of the peace, his order of discharge, even though erroneous, cannot be disregarded by the sheriff, (a merely ministerial officer,) unless the order of the justice be suspended or restrained by a superior judicial tribunal.

2. And independent of the order, Acker was entitled to enlargement by his affidavit alone ; and this either according to the Code, (§ 2182, clause 1,) or to Clay's Digest (p. 70-1, § 2.) The words "subject to levy and sale by execution," in Acker's affidavit, clearly mean *not exempt from execution;* or, that he he retained no property which he was not allowed by law to keep, as against his creditors.   Property is "subject to levy and sale under execution," though the sheriff may not be able to find, or lawfully to reach it.   If the affiant were prosecuted for perjury, it would be ridiculous for his attorney to argue in defence, that although his affidavit was false in the former sense, it was true in the latter.   He swears, moreover, that he has not concealed anything for his own use, or to defraud his creditors ; and that he has not anything in action, either in his possession or under his control, in the State ; and in swearing that he "has not conveyed or concealed anything for his own use, or to defraud his creditors," he directly denies the particular fraud charged against him.

It was not contemplated or required by the law, as set forth in Clay's Digest, (70-71,) that the arrested debtor should account here to his creditors for what he might have in another State.   If they wish to pursue such property, they must do so

in the State where it is (Croom v. Davis, 6 Ala.); and this is provided expressly in the Code (§ 2182); so that, according to either Clay's Digest or the Code, the affidavit is ample.

CHILTON, C. J.—The ground upon which Acker was held to bail was, that "he had fraudulently conveyed his estate or effects." The plea, to which, it is insisted by the appellants, the demurrer should have been sustained, avers that the said Acker, on oath in writing, before a justice of the peace, denied the particular allegation which was sworn to by the plaintiffs in order to hold him to bail, to-wit, that he had fraudulently conveyed his estate or effects. The affidavit, which is made a part of the plea, among other things, avers, that he, Acker, "has not conveyed or concealed anything for his own use, or to defraud his creditors." This, we think, substantially denies the ground upon which bail process was sued out; but the old law required the defendant to go farther, and swear "that he has neither estate, effects, or moneys, whereby to satisfy the debt, or liable for the same." This the affidavit fails to do, but merely avers that "he has no moneys, estate, or effects, real or personal, in possession or in expectancy, within the State of Alabama, *subject to levy and sale by execution*." He should have added, "whereby to satisfy the debt"; for he may have money in his possession "not subject to levy and sale by execution," nor concealed, "whereby to satisfy the debt." The affidavit failing to negative this idea, it is insufficient, when considered with reference to the oath requiring a schedule to be rendered, as by the third section, Clay's Digest, p. 71. So that, under the old law, we think the discharge of Acker from custody was irregular.

But is such proceeding to be governed by the old law? We think not. The party is in custody in virtue of proceedings had under the old law. He must now resort to some remedy for his discharge. This remedy does not affect the bail bond, for it would not be competent for the Legislature to impair its obligation; at least, no question respecting it arises here, since it was discharged by the delivery of the principal to the sheriff. In obtaining his discharge, Acker must become the actor, and the plaintiffs in the judgment the defendants. Suppose he had sued out a *habeas corpus*; this, being a new pro-

ceeding, must be governed by the new law as enacted by the Code. Or suppose he had sued out an appeal, and entered into bond, thus superseding the judgment and process; here he would obtain his discharge, but by the new law.—23 Ala. 668. Now we can perceive no difference, in principle, between these cases and a resort to any other remedy to obtain his discharge which is in the nature of a new and distinct proceeding, in which the relation of the parties is changed, being reversed. This cannot be regarded as a continuous proceeding in the cause pending before the Code went into operation, but a new proceeding, as much so as an appeal, or *habeas corpus*.

We think it should be governed by the new law; and as it conforms to this, the discharge was valid, and the sheriff should be protected.—Code, § 2182. It follows, that the demurrer to the first plea was properly overruled.

Let the judgment be affirmed.