## GREEN *vs.* MACLIN ET AL.

[MOTION TO DISMISS APPEAL BECAUSE BARRED BY STATUTE OF LIMITATIONS.]

1. *Limitation of appeal from judgment rendered before adoption of Code.*—There is no limitation to an appeal from a judgment of the circuit court, which was rendered less than three years before the Code was adopted and went into operation : the old law does not apply, because it is repealed by section 10 of the Code ; the provisions of the Code do not apply, because section 3040 exempts from its operation "existing judgments and decrees"; and the act of 1854 (Pamphlet Acts 1853–4, p. 71) does not apply, because it has no reference to appeals.—*Per* STONE, J.. sitting alone.

APPEAL from the Circuit Court of Benton.

MOTION to dismiss the appeal, on the ground that it is barred by the statute of limitations. The record shows that the judgment was rendered on the 21st April, 1851 ; that a writ-of-error bond was executed on the 15th September, 1851, returnable to the then next term of this court. but the cause was not docketed, and no proceedings appear to have been

afterwards had on said writ of error; that an appeal bond was given in the court below, in March, 1854, payable to the next friend of the plaintiffs of record, but formal in all other respects ; that another appeal bond was executed in August, 1854, returnable to the then next term of this court, and in all respects formal.

MORGAN & MARTIN, for the motion.

WHITE & PARSONS, *contra.*

STONE, J.—I am satisfied that the writ of error can exert no influence in this case, either for or against the motion. It was not prosecuted, and no motion was made to affirm the judgment on certificate. The case must stand, then, as if no writ of error had ever been sued out.—Tardy v. Murray, 17 Ala. 585 ; U. S. v. Haden, 5 Porter, 533.

The appeal sued out in March, 1854, is defective, because the bond is not payable to the plaintiffs of record.

It is contended that the appeal taken in August, 1854, should be dismissed, because, as it is argued, an appeal was then barred by the statute, being taken more than three years after the judgment appealed from was rendered.

Under the law as it existed when this judgment was rendered, a writ of error could be sued out at any time within three years, and not afterwards.—Clay's Digest, 309, § 17. The Code abolishes writs of error in civil cases, and substitutes appeals in their stead. They are limited to two years after judgment rendered.—Code, § 3040. The Code went into operation January 17, 1853, before the bar would have been complete under either statute.

Does either, and, if either, which of these statutes, govern this case ? I am persuaded that neither statute operates a bar.

The Code (§ 10) repeals " all acts of a public nature, designed to operate on all the people of the State, and which are not embraced in it." The former statute, not being contained in the Code, was then repealed on the 17th January, 1853. The bar not being perfected, of course the repealed statute never could perfect it. The only section of the Code which defines a limit within which appeals may be taken from

judgments such as this, is section 3040.    That section express-
ly declares, that its " provisions do not apply to existing
judgments or decrees." This judgment was in existence,
alike when the Code was enacted. and when it went into
operation; and it follows that. the section cited above does
not govern it.

The case of Andrews & Andrews v. Huckaby's Adm'r, at
the present term, is decisive in favor of the construction above
expressed.   In that case, the statute of non-claim was invoked.
Under the law as it existed prior to the Code, the bar of 18
months was not complete on the 17th January, 1853.    The
bar provided by the Code was also 18 months, but its pro-
visions were, in other respects, different from the former law.
We held, that the former law, not being embraced in the
Code, was repealed by the 10th section of the latter.   In
that opinion we employed the following language : " The
statute of non-claim, like the statute of limitations, is subject
to repeal or modification by the legislature ; and when repeal-
ed, cannot be effective to complete a bar, incomplete at the
time of its repeal.   It is therefore inadmissible to extend the
operation of the act of 1850, beyond the date of its repeal by
the Code on the 17th January, 1853, so as to perfect a bar
by the addition of subsequent time to that which had elapsed
before the repeal."

In this case, the three years statute had not barred a writ
of error, when the Code went into effect.   It is therefore
inadmissible to extend the operation of this repealed statute,
so as to complete a bar which, at the time of its repeal, was
incomplete.

As we have seen, the limitation to appeals provided by the
Code, has no bearing on judgments then in existence.   There
is, then, no statutory bar to appeals from judgments circum-
stanced as this is.

It may be supposed that the case of Mazange v. Slocum,
23 Ala. 668, is in conflict with this opinion.   In the opinion
delivered in that case, the court use this expression : "As to
the limitation for suing out appeals, section 3040 of the Code,
which reduces the time to two years, at the same time excludes
judgments rendered before it took effect; *leaving such judg-
ments subject to the three years limitation as provided by the old*
45

law." As to that portion of the above extract which I have italicized, it might be sufficient to say it is *pure dictum.* I will go further, however, and say that I do not understand the opinion as giving any sanction to the doctrine, that the old statute of three years had any operative power, after the Code went into operation, and thus repealed it. I think I do justice to the writer of that opinion, and at the same time uphold the law, when I confine the principle asserted, to those judgments rendered before the Code went into operation, which were already barred by the three years statute. Thus construed, all must admit the correctness of that decision ; and there is no conflict between it and what I have above decided. To this extent, that opinion is sustained by the later case of Boykin v. Kernochan, 24 Ala. 697.

The act of February 15, 1854, (Pamphlet Acts, 71,) refers alone to "causes of action accruing," and "possessions commencing." It was not intended to affect this question, as it makes no allusion to appeals.

I feel constrained to hold, that the right of appeal in this case was not barred on the 7th day of August, 1854.

Motion refused.

RICE, C. J., and WALKER, J., not sitting.