## LEWIS' ADM'R vs. LINDSAY'S ADM'R.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Limitation of appeal.*—The act of February 15, 1854, (Session Acts 1853-4, p. 71,) " to modify the operation of the statute of limitations," in its application to " causes of action " accruing prior to the 17th January, 1853, embraces appeals. (Overruling Green v. Maclin, 29 Ala. 695.)

APPEAL from the Circuit Court of Limestone. Tried before the Hon. JOHN E. MOORE.

THIS case originated in the probate court, and was carried by writ of error to the circuit court. The material facts are these: Prior to 1843, Hickman Lewis was appointed, by the orphans' court of Limestone, administrator of the estate of William Lindsay, deceased, but died without having made a final settlement of his administration. Letters of administration on the estate of said Lewis were duly granted by said orphans' court to John T. Menifee, who, on the 9th December, 1843, made a final settlement with said court of his intestate's administration on the estate of said Lindsay. All the persons interested in said estate were parties to this settlement, except the personal representative of William Lindsay, jr., deceased, an infant son of said decedent, who died a short time after his father. On the 2d December, 1850, letters of administration on the estate of said William

Lindsay, jr., were granted by the probate court of the county to A. L. McKinney, who, in December, 1851, having been made a party to said settlement on petition, sued out a writ of error to the circuit court to reverse the said decree. On the errors assigned in the circuit court, that court rendered its judgment on the 12th March, 1852, reversing the decree of the orphans' court of 1843, and remanding the cause to that court. From this judgment of the circuit court the present appeal was sued out on the 25th May, 1858. The appellee's counsel submitted a motion to dismiss the appeal, on the ground that it was barred by the statute of limitations.

ROBINSON & JONES, for the motion.

WALKER & BRICKELL, *contra.*

WALKER, J.—It was said, in an opinion of one member of the court, in Green v. Maclin, 29 Ala. 695, that the act of 15th February, 1854, (Pamphlet Acts, 71,) did not apply to appeals. The two members of the court who did not sit in that case, differ in opinion from the judge who made that decision. The majority of the court think error in the proceedings of the court below a "cause of action" within the meaning of that act. Mazange v. Slocum & Henderson, 23 Ala. 668; Cox v. Whitfield, 18 Ala. 738. The appeal in this case was sued out more than four years after the adoption of that act, and is certainly barred by it.—See Mason & Chambers v. Moore & Tulane, 12 Ala. 578.

The appeal is dismissed, at the costs of the appellant.