Scott, J.
In relation to the first point presented, it was held by this court, at its last term, in the case of Clark v. Hanna et al., (reported in this volume, page 199,) that, under our statute, an appeal will not lie to the district court, from a judgment of the court of common pleas, rendered in the exercise of its appellate jurisdiction. "We entertain no doubt of the correctness of this construction of the statute.
But it is argued, in this case, that the justice of the peace had no jurisdiction of the action; that the statute of May 1, 1854, “ to extend the jurisdiction of justices of the peace in civil cases,” which purports to give to justices of the peace concurrent jurisdiction with the court of common pleas, in any sum over one hundred dollars and not exceeding three hundred dollars, is unconstitutional and void, for the reason that it does not provide for a trial by jury, in cases embraced within such extended jurisdiction, of which this action was one.
Our state constitution provides, in sec. 5 of the bill of rights, that the right of trial by jury shall be inviolate; and if the act of May 1, 1854, is in clear conflict with this important constitutional provision, it is doubtless void, and as a consequence, the justice of the peace had no jurisdiction in this case, the judgment which he assumed to render was void, the appeal from it was a nullity, the whole proceeding before him was coram non judice, and the court of common pleas acquired original jurisdiction of the case by ■the voluntary appearance of the parties in that court. *208 And an appeal, regularly taken by either party from its judgment in such a case, would clearly bring the cause within the jurisdiction of the district court.
But does the act of May 1, 1854, present a case of plain and dear conflict with the constitution, such as would authorize this court to pronounce the statute null and void ? Admitting the correctness and authority of the decision in the case of Work v. The State of Ohio, 2 Ohio St. Rep. 296, where it was held by this court that the term “jury” was intended, by the framers of the constitution, to mean a jury constituted, as at common law, of twelve men; yet it is certain that, neither under the constitution of 1802, which contained the same provision as to the right of trial by jury, nor under the present constitution, has legislative provision ever been made in this state for the intervention of such a jury, in the trial of civil actions before justices of the peace.
At common law, juries were no part of the machinery of such inferior courts. And it cannot be supposed that the framers of the present constitution, by adopting from the constitution of 1802 the provision relied on, intended any change in this respect.
But admitting this, it is urged, in argument, that at the time of the adoption of the present constitution, the jurisdiction of justices of the peace was limited to sums not exceeding one hundred dollars; that the constitution was intended to secure the right of trial by jury as it then existed; and that the act of May 1, 1854, by extending this jurisdiction, impairs the right as it then existed. Had it been thought expedient to prescribe, by constitutional enactment, the limits of jurisdiction to be conferred on justices of the peace, it would probably have been done by direct and express provision. But that instrument leaves this matter to legislative discretion, and only provides that “ a competent number of justices of the peace shall be elected, by the electors in each township, in the several counties. Their term of office shall be three years, and *209 their powers and duties shall be regulated by law.” Art. 3, sec. 9.
The case of Emerick v. Harris, 1 Binn. 416, is directly in point upon this question. Before the adoption, of the Pennsylvania constitution of 1790, justices of the peace in that state had jurisdiction in cases of debt or demand not exceeding £10; that constitution provided “that trial by jury shall be as heretofore, and the right thereof remain inviolate.” By an act passed in 1794, that jurisdiction was increased, in cases of the same kind, to an amount not exceeding £20. And in the case cited, this statute, upon full argument, was unanimously held not to be unconstitutional.
In all actions tried before a justice of the peace, under the extended jurisdiction conferred by the act of May 1, 1854, an appeal lies from his judgment to the court of common pleas, so that either party may secure the full benefit of a trial by jury. The record shows that the plaintiff in error only failed to obtain that mode of trial in the common pleas, by his own voluntary waiver. The constitution imposes no obligation to renew the tender of the privilege in another court. It is true, that the act of 1854 may subject a defendant to a trial, before a justice of the peace, before he can obtain a trial by jury; still, the right of trial by jury remains unimpaired and perfect. The mode of obtaining it may be more inconvenient than heretofore. But on this subject a discretion is given to the legislature, which must be so far abused, as to be clearly violative of the substantial right, before this court can interfere to nullify legislative action. We think the act under consideration does not present such a case, and, therefore, hold that it is not in conflict with the constitution; that it conferred jurisdiction upon the justice; and that the order of the district court, dismissing the plaintiff’s appeal, must therefore be affirmed.
But the court proceeded further, and ordered that each party should pay his own costs, within ten days, or that *210 execution should issue therefor; and this is assigned for error.
We suppose it to be well settled, that a court having no jurisdiction of a cause, can only strike the cause from its docket, and can give no judgment whatever for costs. Walker v. Snowden, 1 Swan (Tenn.) 193; Mazange v. Slocum and Henderson, 23 Ala. Rep. 668; Strader v. Graham, 18 How. Rep. 602.
So it has been uniformly held in this state. Wilson v. Holeman, 2 Ohio Rep. 254; Nichol v. Patterson, 4 Ohio Rep. 200; Paine v. Comm’rs of Portage County, Wright’s Rep. 417.
The order of the district court, as to costs, having been made without jurisdiction, will therefore be reversed. Rut this order and award of execution were made by the court, s-ua sponte. They were against each party for his own costs, but in favor of neither party. Such an order, if valid, could confer no rights on either party as against the other. Neither of them had the slightest interest in the order made against the other. These orders, therefore, and the proceedings to reverse them, are of an ex parte character; and the statutory rule as to costs, upon reversal, which we regard as referring only to adversary proceedings, does not apply here.
Judgment, as to costs, reversed, at the cost of plaintiff in error.
Swan, Brinkerhoee, and Sutlife, JJ., concurred.