# WOOD *vs.* BARKER.

[ACTION ON ATTACHMENT BOND, FOR DAMAGES.]

1. *Malice, and vindictive damages.*—In an action on an attachment bond, if the attachment was not vexatious as against the defendant in the process, the fact that the attaching creditor was actuated by malice towards a third person, who, though a joint obligor with the defendant in attachment, was not a party to the process, affords no ground for the recovery of vindictive damages.

2. *Admissibility of declarations, as part of res gestæ.*—The declarations of the plaintiff in attachment, to his attorney, as to his reasons for suing out the process, made at the time of suing out the writ, are admissible evidence, in an action on the attachment bond, as a part of the *res gestæ*.

3. *General objection to evidence.*—A general objection to evidence, a part of which is admissible, may be overruled entirely.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by William Wood, against Ste-
phen B. Barker and others, the sureties of said Barker;
and was founded on an attachment bond, executed by the
defendants, in a suit previously brought by said Barker
against the plaintiff in this suit. The attachment bond
was conditioned as the statute prescribes. The breaches
alleged in the complaint were—1st, that the attachment
was not prosecuted to effect, but was dismissed by the
plaintiff therein; 2d, that said attachment was wrongfully
sued out; and, 3d, that said attachment was vexatiously
sued out. Issue was joined, as the bill of exceptions states,
"on each breach of the plaintiff's complaint." On the
trial, after the plaintiff had proved the issue of the attach-
ment, its levy by service of garnishment, and the dismissal
of the attachment suit, in vacation, before the commence-
ment of this suit,—"he offered one Gibson as a witness,
who was a joint obligor with him on the note which was
the foundation of the attachment-suit, and offered to prove
by him, that said Barker told him (witness), after said
attachment was sued out, that he sued out said attachment
to vex and harass him (witness), and to injure him in his
standing in the community, because he had refused to go
security for said Barker on a replevy bond. The court
refused to allow the witness to prove said Barker's declara-
tions to him, and the plaintiff excepted." The defendant
introduced as a witness one of his attorneys in the attach-
ment suit, "by whom he proposed to prove his reasons for
suing out said attachment, as stated at the time to said
attorney, and the reason why the attachment suit was dis-
missed. The plaintiff objected to this evidence, but the
court overruled the objection. The witness testified, that
the defendant's reason for suing out said attachment, as
stated to him at the time, was, that the plaintiff had
deceived him as to his ability to pay, and he was afraid

that Gibson alone was not able to pay the debt; and that the attachment suit was dismissed, by his advice, because the affidavit on which it was founded was defective." The plaintiff objected to this evidence, and reserved an exception to the overruling of his objection. The several rulings of the court on the evidence, to which exceptions were reserved, are now assigned as error.

GEO. W. GAYLE, for appellant.
THOS. H. LEWIS, contra.

R. W. WALKER, J.—If the attachment was not vexatious as against the defendant himself, the fact that the attaching creditor was actuated by malice against some third person, not a party to the process, affords no ground for the recovery of vindictive damages in this suit.

[2–3.] A part of the testimony of the witness Williams consisted of the declarations which the defendant made at the time the attachment was issued, as to his reasons for having it issued. These declarations were admissible as part of the *res gestæ*.—*Pitts v. Burroughs*, 6 Ala. 735–6, and cases cited; *Dearing v. Moore*, 26 Ala. 590; *Sanford v. Howard*, 29 Ala. 695. The exception taken was to the admission of the whole of the witness' evidence; and, as part of it was admissible, this court will not reverse, even if other portions of it were illegal. On that point, however, it is not necessary for us to express an opinion.

Judgment affirmed.