## Ex parte FLOYD.

[APPLICATION FOR SUPERSEDEAS OF WRIT OF RESTITUTION.]

1. *Supersedeas of writ of restitution in unlawful detainer.*—In an action of unlawful detainer, judgment being rendered in the circuit court in favor of the plaintiff, and a writ of restitution awarded, there is no statute which either requires or authorizes the clerk, when an appeal is taken from that judgment, to supersede the writ of restitution; nor does an appeal bond, the penalty of which is double the amount of the costs, operate as a *supersedeas* of such writ.

2. *Jurisdiction of supreme court.*—The supreme court has no jurisdiction, in the first instance, to issue an order to the clerk of the circuit court, requiring him to supersede a writ of restitution, in a case in which an appeal has been taken from the judgment of the circuit court: if the clerk refuses to perform his duty, application must first be made to the circuit court.

THE petition in this case alleged, that in November, 1865, the petitioner rented or leased a tract of land, situated near the city of Montgomery, from Mrs. Laura Holt, for the term of one year from the 1st December, 1865, entered into possession under said contract, and planted a crop; that in February, 1866, Mrs. Holt instituted an action of unlawful detainer against him, and recovered a judgment before the justice of the peace for the possession of the land; that the cause was removed by the defendant, by *certiorari*, into the circuit court of Montgomery, where a judgment was rendered in favor of the plaintiff, at the spring term, 1866, and a writ of restitution of possession was awarded; that the defendant reserved several exceptions to the rulings of the circuit court on the trial, and, desiring to take an appeal, asked the court to allow him to give bond, with sureties, in double the amount of the yearly rent of the premises, and

to retain the possession of the land until the expiration of his lease; that the court would not allow him to do this; that he afterwards applied to the clerk for an appeal from said judgment, returnable to the present term of this court, and gave bond in double the amount of costs, and offered to give bond in double the amount of the yearly rent, as assessed by the jury, for the purpose of superseding the writ of restitution; and that the clerk refused to accept such additional bond, and refused to supersede the writ of restitution. The petitioner therefore prayed this court "to cause a *supersedeas* to be issued in said cause," restraining the sheriff and the plaintiff from any proceedings under the writ of restitution, pending the appeal in this court; and alleged irreparable injury unless he was allowed to retain the possession of the land.

J. FALKNER, for the petitioner.

A. J. WALKER, C. J.—We are asked *"to cause"* the *supersedeas* of a writ of restitution, issued from the circuit court, in an action of unlawful detainer, from which an appeal has been taken to this court. An appeal bond, in double the amount of costs, was given, and the clerk refused to issue a *supersedeas* of the writ of restitution. It is contended that an order should be issued from this court, to the clerk of the circuit court, requiring him to issue a *supersedeas* of the writ of restitution.

There is no statute which requires a clerk of the circuit court to supersede a writ of restitution issued in an action of unlawful detainer, where an appeal has been taken to this court; nor is there any statute authorizing a *supersedeas* of such writ, as the effect of an appeal bond. Under the Code, (§ 3019,) a bond in double the amount of the judgment, conditioned to prosecute the appeal to effect, and to satisfy such judgment as the supreme court may render, operates as a *supersedeas* of the judgment. But this is incapable of application to judgments in actions for unlawful detainer. The judgment, in such actions, is not merely for money, but the chief purpose and end is the recovery of the possession of lands. As a judgment for the possession of

lands is not equivalent to, or convertible with, a judgment for money, a bond in double the amount of the judgment can not be given. This section has relation only to judgments for money. This is made clear by considering it in connection with sections 3020, 3023, 3024, and 3025. These sections, in making special provisions for *supersedeas*, where a decree is rendered for the performance of an act other than the payment of money, or where there has been a judgment against the claimant in a trial of the right of property, or a judgment for the recovery of slaves, demonstrate that the general law on the subject of appeal bonds operating to supersede judgments, applies only to judgments for money.

We know of no principle of common law, by which the clerk is clothed with authority to supersede judgments, from which appeals have been taken, or by which bonds given to him can have the effect of superseding them.

The clerk did not violate or omit any duty, by the refusal either to supersede the judgment in this case, or to accept a bond as an instrument operating to supersede the same. We therefore can not issue any order to him, requiring him to do either of these things.

[2.] Furthermore, even if it had been the duty of the clerk of the circuit court to issue a *supersedeas*, this court could not issue an original and direct order to him, requiring him to discharge that duty. Such an order would be an original writ of *mandamus*. The jurisdiction of this court is appellate, and not original; and it does not issue original writs, except as the necessary means of giving it a general superintendence and control of inferior jurisdictions.—*Ex parte Simonton*, 9 Porter, 383; *Mansony, Ex parte*, 1 Ala. 98; *Ex parte Croom & May*, 19 Ala. 561. The cases of *The State, ex rel. v. Porter*, (1 Porter, 688,) and *Ex parte Pickett*, (24 Ala. 91,) may indicate a class of cases excepted by necessity from the general rule; but, if so, this case does not fall within the exception. The ordering a *supersedeas* of a writ for the delivery of possession is by no means necessary to the exercise of a superintendence and control by this court over the circuit court. It is altogether a different matter from the issue of a *certiorari* to the clerk

for the purpose of procuring a complete transcript. Without a complete and correct transcript, it is impossible to revise the action of the subordinate tribunal; and therefore a *certiorari* is a necessary means of exercising a superintendence and control over the circuit court. On the contrary, the correction of the errors of the subordinate tribunal is not at all dependent upon the execution or *supersedeas* of the writ of restitution.

This point seems to be well settled. In *Ex parte Mansony*, (1 Ala. 98,) it was decided, that this court could not award a *mandamus*, to compel a circuit-court clerk to issue an execution, because it involved the exercise of original jurisdiction. It was held to be requisite that an application should first be made to the circuit court, and that the action of the circuit court could then be made the subject of revision in the supreme court. In *Smith v. Carr*, (Hardin's R. 305,) it was decided, that appellate jurisdiction, *ex vi termini*, implied a resort from an inferior tribunal of justice to a superior, for the purpose of revising the judgments of the former, and did not consist in correcting the acts of the ministerial officers of the inferior tribunal. Upon this principle, it was held, that an original application to the appellate court, for the correction of irregularities in an execution, would not be entertained. This was a Kentucky decision; and the striking similarity between the constitutional provision in that State and in this, as to the jurisdiction of the court of appeals, enhances the value of the decision as an authority here. In the *Bank of Newbern v. Stanley*, an application was made to the supreme court of North Carolina, for a *mandamus* to the clerk of a subordinate court, requiring him to issue an execution. The court maintained, that it was incompetent for an appellate court to control the acts of the officers of the subordinate court, except in the exercise of, and as ancillary to, its revising power.—2 Dev. 476.

The correction of the errors of the ministerial officers of subordinate courts is the exercise of original jurisdiction, and appertains to courts of original jurisdiction, and not to this tribunal. The accidental circumstance of this court's being in session, and of the circuit court's not being in

session, and of the consequent superior convenience and celerity of a remedy in this court, can not justify the assumption of unconstitutional jurisdiction. The supreme court of the United States, acting under a constitutional warrant very like that of this court, as far as this question is concerned, made a decision in *Marbury v. Madison*, (1 Cranch, 137,) announcing a doctrine utterly irreconcilable with the idea, that the jurisdiction invoked in this case could be exercised by a court of appellate authority. The relief sought being such as pertains to original, as contra-distinguished from appellate jurisdiction, this court not only can not require the clerk of the circuit court to correct any error into which he may have fallen, but it can not itself, by its direct action, correct such error.

If any hardship results from the failure of the statutes of the State to provide for the *supersedeas* of judgments affecting the possession of land, the remedy is with the legislature.

Motion refused.

NOTE.—A. J. WALKER, C. J.—The opinion in this case was hastily written; and it may be that there are expressions in it, which need qualification. Those expressions are such as may intimate that an appeal can not have the effect of a *supersedeas*, unless it is expressly so declared by statute. The statute (Code, § 3019,) expressly denies to an appeal from the circuit to the supreme court the effect of a *supersedeas*, except as provided by the Code. This statute should have controlled this case, without any reference to the common-law effect of appeals.—February 3, 1868.