## GABEL *vs.* HAMMERWELL, ET AL.

[ACTION ON THE CASE FOR WRONGFUL AND VEXATIOUS ATTACHMENT.]

1. *Form of action; when one may be adopted for distinct causes of action.*— A plaintiff may proceed in one action for damages for breaches of two or more attachment bonds, executed by the same obligors in his favor.

2. *Attachment bond; what sufficient assignment of breaches of.*—It is a sufficient assignment of breaches of an attachment bond, to aver that the attachment bond was sued out—1st, vexatiously ; 2d, wrongfully ; and that being so vexatiously and wrongfully sued out, it was levied on the goods and effects of the plaintiff, whereby he was injured.

APPEAL from the Circuit Court of Baldwin.
Tried before Hon. JOHN ELLIOTT.

This was an action brought by the appellant against the appellees, to recover damages for the wrongful and vexatious suing out of an attachment, &c. The affidavit for attachment is not set out in the record, nor does it show the ground on which the attachment was sued out. The plaintiff's amended complaint contains two counts, in each of which he claims of the defendants a specified sum of money, on an attachment bond executed by them, which

Gabel v. Hammerwell et al.

he sets out literally.   There are two bonds differing from each other in amount and time of execution, and he unites a cause of action on each in the same complaint, but in separate counts.   The breaches assigned are the same in each count, to-wit, that the attachments were sued out— 1st, vexatiously; 2d, wrongfully; and that being so wrongfully and vexatiously sued out, they were levied upon his effects, whereby he was injured.

The defendants demurred to the complaint, and assigned for cause of demurrer—

1. That the cause or ground upon which the two several attachments were issued is not set forth, and no denial of the truth of the affidavit for attachment is made therein.

2. That there is no allegation that the said attachments were sued out maliciously and without probable cause.

3. Because the breach of said bonds is too vague and uncertain to authorize a recovery, nor does it show in what respect nor to what extent special damages accrued to the plaintiff.

4. Because complaint does not show a legal cause of action, nor any actual and sufficient breach of said attachment bonds, which were given at different times and in distinct suits.

The court below sustained the demurrer, whereby the plaintiff was forced to take a non-suit, and plaintiff duly excepted, &c.

The error assigned is, that the court below erred in sustaining the demurrer to the complaint.

LYMAN GIBBONS, for appellant.
D. C. ANDERSON, contra.

[No briefs came into Reporter's hands.]

B. F. SAFFOLD, J.—The suit was by one plaintiff against two defendants for damages for breaches of two attachment bonds executed by them.   There was no error in this.   Where the same form of action may be adopted for several distinct injuries, the plaintiff may in general proceed for all in one action, though the several rights af-

fected were derived from different titles.—Chit. Plead. vol. 1, p. 201.

The breaches were sufficiently assigned. One of the conditions of the bonds was, that the obligors would pay to the defendant in the attachment suit all such damages and costs as he might sustain by the wrongful or vexatious suing out of the attachment. Some one of the several causes for which an attachment may issue should have existed and been known to the obligors when they applied for the attachment. They are not confined in their defense to the one alleged in their affidavit. If any of the grounds for the issue of the attachment existed, it was not sued out wrongfully or vexatiously. If none existed, it was. A clear and well defined material issue was presented by the pleading of the plaintiff.—*Lockhart v. Woods*, 38 Ala. 631 ; *Wood v. Barker*, 37 Ala. 60 ; *Kirksey v. Jones*, 7 Ala. 622.

The judgment is reversed and the cause remanded.