# Bradford *v.* Weedon.

*Appeal from Order Directing Sale of Land Under Judgment From Justice Court.*

(Decided Nov. 14, 1907.　44 So. Rep. 265.)

*Appeal; Orders Appealable; Orders of Sale.*—An appeal will not lie to this court from an order of the circuit court directing the sale of land levied on by a constable under an execution issued on a judgment rendered by a justice of the peace. The motion and order is ex ,parte and not appealable under section 426, Code 1896.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by R. P. Weeden against J. A. Bradford. From an order of the circuit court directing the sale of land levied on by a constable under an execution issued by a justice of the peace, defendant appeals. Appeal dismissed.

LAWRENCE COOPER and JAMES. H. BALLENTINE, for appellant.—The judgment was dormant as no execution has been issued for more than three years after the first execution, which issued within six months.—Secs. 1951, 1952, Code 1896; *Jones v. Galloway,* 56 Ala. 46. Sections 1920 and 1921, have no application to justice courts, and the special acts 1896, Local Acts 1896-7, p. 248, does not create a lien on real estate. A constable cannot levy on land as long as there is personal property to satify the judgment.—Secs. 1947, Code 1896; *Dickerson v. Carroll,* 76 Ala. 380.

S. S. PLEASANTS, for appellee.—The registered judgment was a lien upon the property sought to be sold.— *Enslen v. Wheeler,* 98 Ala. 206; *Howard v. Corey,* 126

Ala. 290; *Street v. Duncan,* 117 Ala. 572. The Local Acts providing for the registration of the judgment makes such registration a lien on all property and not on personal property.—*Patterson & Co. v. Jones,* 89 Ala. 390; 23 A. & E. Ency. of Law, 262. The judgment in this case is not a final judgment. It is at most a confirmation of the levy made by the constable.—*White, et al. v. Shannon,* 3 Ala. 287.

DENSON, J.—Section 426 of the Code of 1896 provides for appeals from any final judgment of the circuit court to this court as matter of right, on the application of either party. This section of the Code was brought down from the Code of 1852. In that Code it stands as section 3016. By it writs of error are abolished and appeal is substituted in lieu of them.—*Mazange v. Slocum & Henderson,* 23 Ala. 668. Before the Code of 1852 this court held that a writ of error would not lie from an order made by the circuit court directing the sale of land levied on by a constable under an execution issued by a justice of the peace. The reasoning of the court in the opinion is as follows: "The design of the Legislature appears to have been to provide record evidence by which the purchaser of land sold under an execution of a justice of the peace, if compelled to sue to obtain possession, might establish his right, without trusting to the uncertain and fleeting memoranda of a justice of the peace. The action of the court is confined to an examination of the proceedings before the justice, and, if they are regular, it orders a sale of the land. This is not a final judgment. It is at most, a confirmation of the levy made by the constable. The statute evidently contemplates that the whole proceedings is to be ex parte."—*White & Bingham v. Shannon,* 3 Ala. 286.

[Bradford v. Weedon.]

The only substantial difference in the statute authorizing an order of sale of land levied on by a constable as it existed at the time the case above cited was decided and the statute as it now exists is that the statute then did not require that any notice of the levy on the land should be given, nor did it contemplate objection being made to the proceedings. The statute now provides that, "if the proceedings before the justice are regular, and establish a judgment against the defendant, issue of execution and levy on land for want of personal property, and notice thereof, and no sufficient objection is made, the court must, on motion of the plaintiff, direct a sale of the land for the satisfaction of the judgment." The difference in the statute noted does not affect the ruling of the court made in the case supra, in respect to the judgment not being such a one as would support a writ of error. We have no statute which specially provides for an appeal from such an order, and, it not being a final judgment, whatever other remedy the defendant in execution may have against its operation, if any, we are clear in our conclusion that it will not support an appeal.—2 Ency. Pl. & Pr. p. 96 (7).

The appeal is dismissed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.