## COX *vs.* DAVIS.

1. A prior possession of land, accompanied with acts of ownership, by one through whom the plaintiff deduces title, will authorise a recovery against a defendant, who is afterwards found in possession, without title or claim to the premises.

2. A sale of the land of a decedent, made in pursuance of a decree of the Orphans' Court, in a case in which its jurisdiction has rightfully attached, cannot be collaterally impeached, although the record may abound with irregularities sufficient to reverse the decree in an appellate court.

3. If the subscribing witnesses to a deed have left the State or are incompetent from interest, proof of the handwriting of the grantor alone is sufficient to admit it in evidence.

4. Where a statute of limitations is changed before it has perfected a bar, and a different period prescribed, the time that has expired is to be excluded, and the full term fixed by the new law must elapse, after its passage, before the bar is complete.

5. The proviso to the 1st section of the act of limitations of 1843 was intended solely to prevent its retrospective operation, in cases where lands had theretofore been sold under the decree of a court of chancery, to satisfy a mortgage, deed of trust, or other incumbrance, and does not affect in any way the second section of the act.

Error to the Circuit Court of Bibb. Tried before the Hon. John D. Phelan.

Cox v. Davis.

DAVID E. DAVIS brought his action of trespass to try titles against Samuel H. Cox, in the Circuit Court of Bibb county, on the 20th day of March 1848. The lands sued for are lot number 1, in the town of Maplesville, in section 12, township 21, range 12, and also an adjoining lot, in range 13, in the south-west quarter of section 7, township 21 and range 13, on the north side of the Tuskaloosa and Montgomery road, and immediately east of lot number one. The pleas were, not guilty, and the statute of limitations of ten years. The plaintiff below recovered, and the bill of exceptions, which was taken by the defendant, shows title in plaintiff below, as follows:

1. That David S. Boyd had been in possession of said lots previous to the time when Cox went into possession, and Boyd had erected a store-house on lot number one.

2. That said Boyd, by his deed bearing date the 10th day of December 1836, conveyed the said lots to A. C. Harrison.

3. That A. C. Harrison, by his deed of the 10th day of January 1837, conveyed the said lots to James J. Harrison.

4. That Silas M. Smith, as administrator *de bonis non* of James J. Harrison, then deceased, by his deed of the 17th day of March 1848, conveyed the said lots to David E. Davis, the plaintiff below.

5. A transcript from the Orphans' Court of Pickens county, showing the appointment of Smith as administrator *de bonis non* of James J. Harrison, deceased; the petition of the administrator for leave to sell the lots for more equal division among the heirs of his intestate; the order of sale by the Orphans' Court; the administrator's sale and report thereof, and the order of confirmation and the conveyance accordingly, which has been already stated. These proceedings will more fully appear by the opinion of the court, so far as they have been objected to by the counsel of the plaintiff in error.

The defendant below proved that he went into possession of said lots some time in December 1836, and continued until the time of the trial, but it does not appear by the bill of exceptions that he had, or claimed any right.

HENRY W. Cox, for the plaintiff in error.

A. B. MOORE, for the defendant.

PARSONS, J.—As Boyd had possession of the lots and made valuable improvements thereon, before the possession of the defendant below commenced, and as the plaintiff below derived his title, by several successive conveyances from Boyd, the former, upon these facts alone, could recover against Cox, the defendant below, who was in possession, without any title or claim of right. It was not necessary, in this case, to show a paper title in Boyd.—Badger v. Lyon, 7 Ala. 564; McCall v. *Doe ex dem.* Pryor, at this term. . The counsel for the plaintiff in error has, however, made many objections to the documentary evidence of the title of the plaintiff below, and we will consider them all, though not in the order in which his assignment of errors presents them. He objected to the transcript of the proceedings of the Orphans' Court, under which the sale to the plaintiff below was made by the administrator—1st, because it does not appear thereby, as he contends, that the Orphans' Court had jurisdiction of the intestate's real estate. 2d, because the petition showed that all the heirs were minors. 3d, because it does not appear that the Orphans' Court, upon the filing of the petition, took any action thereon. 4th, because it does not appear that the petition was filed forty days before the final hearing. 5th, it does not appear in the testimony taken, or in the order directing the sale of the lands, that they could not be equally, fairly and beneficially divided. 6th, that no order appears by which Lyon, who appeared as guardian of the children of intestate, was appointed as such. 7th, that it does not appear the administrator gave forty days' notice of the sale, as required by the order of the Orphans' Court. 8th, that the Circuit Court erred in admitting the administrator's deed to the plaintiff, because it was made in a proceeding of which the Orphans' Court had no jurisdiction.

The petition, which was filed by the administrator for the purpose of obtaining an order of sale under the statute, appears to state the necessary facts, and it is in good form. The court thereby acquired jurisdiction to decree a sale of the real estate of the intestate. The jurisdiction having attached, and the court having afterwards ordered the sale, which was made by the administrator to the plaintiff below, as the highest bidder, that sale was good, without regard to the number of errors which the court may have committed in its proceedings, after

the jurisdiction attached.   If the counsel for the plaintiff in error could show that the Orphans' Court committed such errors in the proceedings, as to justify a reversal of the order of sale, or decree of confirmation, on appeal or writ of error, that could effect nothing in this case, for this is an attempt to assail the title of the purchaser collaterally, which cannot be done upon any such grounds, and instead of saying more upon these several objections to the title, we refer to cases, in which the subject has been exhausted, and by which we are fully sustained.——Wyman et al. v. Campbell, 6 Porter's R. 219; Lightfoot v. *Doe ex dem.* Lewis' Heirs, 1 Ala. 475; *Doe ex dem.* Duval's Heirs v. Mc-Loskey, 1 ib. 708; Heirs of Bishop v. Hampton, 15 ib. 761. For explanation we will state, that, although it does not appear by the record that the court acted on the petition at the particular time when it was filed, yet a commission issued to take testimony, some time before the order of sale was made, and the testimony was taken.   It does not appear either, that it was filed full forty days before the date of the order of sale, but the contrary does not appear.   The order of sale, after reciting the petition, among other things, states:  "The court proceeded to hear and determine the cause, and it appearing to the satisfaction of the court from the proof regularly taken, as in chancery cases, and filed in this case, that it is necessary to sell said lands"—and then follows the order of sale.   The language of the court must be understood as refering to the necessity for a sale, which is stated in the petition, and as the latter corresponds with the statute, the order is not erroneous for not more explicitly stating the ground of the necessity; or, if it be so, it is not void.

It is also assigned for error, that the court below permitted one of the deeds to be read upon proof of the grantor's signature, it appearing that the subscribing witness had left this State, and permitted another of the deeds to be read upon similar proof, the subscribing witness in the latter case having become incompetent from interest, without requiring proof of the signature of either of the witnesses.   It appears to have been settled here that deeds are admissible in such cases, upon proof of the hand-writing of the grantor.——Mardis v. Shackelford, 4 Ala. 503; 5 ib. 457.

It is further assigned as error that the court charged the

jury, that the statute of limitations of ten years was not a bar to the action, because ten years had not elapsed since the passage of the act of 1843, which prescribed the bar. There was no error in this.—Henry and Wife v. Thorpe, et al. 14 Ala. Rep. 103; *Doe ex dem.* Nickels v. Haskins, 15 ib. 619; 16 ib. 239.

The last question raised by the assignment of errors is this: Did the court err in refusing to charge the jury, that if five years had elapsed since the passage of the act of 1843 and before the commencement of this suit, then they should find for the defendant? It is enacted by the first section of the statute of 1843, that where any lands had been sold or might thereafter be sold, under the decree of the court of chancery, to satisfy any mortgage, deed of trust, or other incumbrance, all rights or equities of redemption in any person not a party to the decree of sale, who shall claim under the mortgagor or grantor in the deed of trust or incumbrance, shall be forever barred and precluded, unless the suit for redemption be commenced within five years from the execution of such decree of sale. The proviso to this section is in these words:—"Provided, That no suit shall be barred by the operation of this *act* within five years from its passage." By the second, which is the last section, it is enacted that "all actions for recovery of lands, tenements, or hereditaments in this State, shall be brought within ten years after the accrual of the cause of action, and not after," with a proviso which is not material in this case.—Clay's Dig. 329, § 92, 93. The first section provided the bar of five years for two classes of cases; first, those in which there had, at the passage of the act, been a sale, and secondly, those in which there might thereafter be a sale. It was the intention of the legislature that the act should operate prospectively only. It was the object of the proviso to prevent misconstruction of the first section, in relation to the first class. It might otherwise have been thought that as this part of the first section related to sales that were made before the passage of the act, it was the intention that as to them the act should operate retrospectively. As this was the sole object of the proviso, it can have no effect on the bar created by the second section, which applies to the present question. The word "act" in the proviso, it is true, might very well include both sections, but we had better limit the meaning of that word than per-

mit it to produce a distinction between cases provided for by the second section, when it is clear that none was intended. We can see no error in the record.

Let the judgment be affirmed.