## BLACK'S CREDITORS *vs.* BLACK'S ADM'RS.

1. A writ of error does not lie to reverse a decree of insolvency until a final decree of settlement has been rendered, unless an issue has been made up and tried under the act of 1843.
2. If an issue is made up and tried, under the act of 1843, a writ of error can only be sued out within a year from the trial of such issue.

ERROR to the Court of Probate of Marshall.
Motion to dismiss the Writ of Error.

L. WYETH, for the motion.
J. W. SHEPHERD, *contra.*

DARGAN, C. J.—On the second Monday in August, A. D. 1848, the estate of William Black, deceased, was declared insolvent by the Orphans' Court of Marshall, but without any contest on the part of the creditors. On the eleventh day of August, 1851, such of the creditors as had filed their claims in the office of the Court of Probate, joined in a writ of error to this court, for the purpose of reversing the decree of insolvency, and a motion is now made to dismiss the writ of error. Previous to the act of 1843, the mere report of an executor, or an administrator, that the estate he represented was insolvent, was sufficient to authorize the Orphans' Court (as it was then called) to take jurisdiction of the estate as an insolvent estate, and to administer it as such; and the creditors could not prosecute a writ of error to revise any act of the court, until a final decree settling the estate was rendered. But by the act of 1843, the creditors have the right to come in and contest the fact of insolvency, and to make an issue of fact, which shall be tried by a jury. This act also allows other issues to be made up and tried in the progress of the cause, before the final settlement is complete. By the thirteenth section of this act, it is provided that, on the trial of any issue directed to be made up and tried under the provisions of said act, if either party shall be dissatisfied with any decision or charge of the judge trying the same, such party may except to such decision or charge, and tender his bill of exceptions, as in trials of suits at common law, and

may within twelve months thereafter, appeal from or sue out a writ of error to such judgment, as in suits at common law. It is apparent that a writ of error is given by this statute, only when an issue has been made up and tried according to its provisions, and then the writ must be sued out within a year from the time of the trial of such issue ; it cannot be issued afterwards. But if no issue has been made up and tried under this act, then no writ of error can be issued under its authority, for the writ is only given when an issue has been tried. The writ of error must then be sustained under other authority than this act, for in the case before us, it was not issued within a year from the rendition of the decree, nor was any issue made up and tried. But independent of this act, no writ of error can be issued until the final decree of settlement; for anterior to its passage, a writ of error would not lie to review the proceedings of the Orphans' Court, had in reference to an insolvent estate, until the final decree by which the assets were distributed amongst the creditors, and such is still the case, unless the writ can be issued pursuant to the provisions of this act. I will not say whether the writ could have issued to review the decree of insolvency, before the final decree distributing the assets, if the act of 1843 had made no provision for the writ of error. But inasmuch as it has, it is clear to my mind that the Legislature intended that the writ of error should only issue, during the progress of the cause in the Orphans' Court, in the mode pointed out in the act. We, therefore, must dismiss the writ on two grounds; first, it cannot be issued before the final decree of settlement is rendered, unless an issue has been made up and tried; secondly, it then can issue only within a year from the time such issue has been tried.

Writ of error dismissed.