# BANKS vs. McDOUGALD'S ADM'R.

[MOTION TO DISMISS APPEAL FROM DECREE OF INSOLVENCY.]

1. *Proviso to section* 3040 *of Code, as to limitation of appeals, construed.*—The proviso to section 3040 of the Code, as to existing judgments and decrees, does not except from the statute of limitations governing appeals all judgments and decrees then existing, but only such judgments and decrees as would otherwise come within the provisions of that section; that is, those from which appeals would be barred in two years.
2. *Limitation of appeal from decree of insolvency.*—The limitation of an appeal from a decree declaring an estate insolvent, which was one year under the act of 1843, is thirty days under the Code (§ 1888); and such a decree, rendered before the adoption of the Code, is not one of the "existing judgments or decrees" which are within the proviso to section 3040.

APPEAL from the Court of Probate of Russell.

IN the matter of the estate of Daniel McDougald, deceased, which was decreed insolvent in November, 1851; from which decree, the present appellant, who was a creditor of the estate, sued out this appeal on the 17th October, 1855. The appellee now moves to dismiss the appeal, on the ground that it is barred by the statute of limitations.

GEORGE D. HOOPER and JAS. E. BELSER, for the motion.

LEWIS E. PARSONS, *contra*.

WALKER, J.—Section 3040 of the Code is as follows: "Appeals under this title, *except in such cases as a different time is prescribed,* must be taken within two years from the rendition of the judgment or decree; *but the provisions of this section do not apply to existing judgments or decrees.*" The effect of the last clause of this statute is, not to except from the statute of limitations appeals from all judgments or decrees existing when the Code went into force, but only to except appeals from such existing judgments and decrees as might come within the provisions of section 3040, from the operation of the bar of two years provided by that section. The only existing judgments and decrees from which appeals are

excepted out of the statute of limitations, are those which come within the provisions of that section.

Is this decree one of those coming within the provisions of section 3040 ? The only judgments and decrees included in that section are those from which appeals are barred in two years. The judgments and decrees, to appeals from which a different period of limitation is prescribed, are excepted from the provisions of the section. Thirty days is the prescribed period within which an appeal must be taken, under the Code, from such a decree as that sought to be revised in this case.—Code, § 1888. It follows, that the decree in this case does not come within the provisions of section 3040, and therefore is not one of the "judgments or decrees" existing when the Code went into force, which are excepted from the statute of limitations.

The period necessary to perfect a bar to a revision of the decree, under the old law, had expired before the Code went into operation.—Black's Creditors v. Black's Administrators, 20 Ala. 401. It is contended, that the repeal by the Code of the law which created that bar, has annihilated it. Upon that question, it is not necessary for us to express any opinion. The appeal in this case was taken after time enough had elapsed to perfect a bar under the Code, and the limitation prescribed in the Code applies, unless it is therein otherwise provided.

The appeal is dismissed, at the costs of the appellant.

RICE, C. J., not sitting.