Bedell's Adm'r v. Smith.

37 619
109 266

BEDELL'S ADM'R *vs.* SMITH.

[ACTION FOR BREACH OF VENDOR'S TITLE-BOND.]

1. *Tender of deed, and eviction, as pre-requisites to right of action on vendor's bond.*—Where the vendor has no title, and, for that reason, refuses to make a title when requested, the tender of a deed by the purchaser, to be executed, is not necessary to perfect his right of action on the title-bond; and an actual eviction of the purchaser is not necessary, since his right of action accrues so soon as the bond is broken by a failure to convey.

2. *Admissibility of declarations of vendor and his administrator, showing refusal and inability to make title.*—In an action on a title-bond, against the personal representative of the vendor, the declarations of the vendor in his life-time, and of the defendant after his qualification as administrator, showing a refusal and inability on the part of each to make title, are competent evidence for the plaintiff.

3. *Limitation of action for breach of title-bond.*—Under the law existing before the adoption of the Code, (Clay's Digest, 327, § 81,) there was no statute of limitations applicable to an action for a breach of a vendor's title-bond.

4. *Partial satisfaction of bond.*—A deed, executed by the vendor at the request of the purchaser, conveying a part of the land embraced in the title-bond, with covenants of warranty, to a third person, may be accepted by the purchaser as a partial compliance with the condition of the bond; and being so accepted, its admissibility and validity are not affected by a mistake in the descripton of the land conveyed, nor by the fact that the vendor had no title to that part of the land.

5. *Who is proper party plaintiff.*—The obligee is the proper party to sue for the breach of a vendor's title-bond, (Code, § 2129,) although he bought a part of the land for the use of a third person, and has sold the residue.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by George Smith, against the personal representative of Thomas J. Bedell, deceased; was founded on the decedent's penal bond, dated the 11th April, 1838, and conditioned that he should, on or before the 25th December, 1839, make to the said George Smith " good and sufficient titles" to a certain tract of land, situated in Wilkes county, Georgia, containing three hundred and twenty acres, and described in the bond as " the east half of section number one, township nineteen, and range twenty-five"; and was commenced on the 15th September, 1857. The complaint set out the bond, and alleged as a breach of the condition, that the said decedent in his life-time, and the defendant as his administrator, had each been requested to make titles to the said tract of land, according to the condition of said bond, and had failed and refused so to do ; and that neither the decedent in his life-time, nor the defendant as his administrator, had ever had a good title to the said tract of land. The defendant de-

murred to each breach assigned in the complaint, because there was no averment of the tender of a deed, and because there was no averment that the plaintiff had been evicted from the land. The court overruled the demurrer, and the defendant then pleaded the statutes of limitation of ten and sixteen years. There was also an agreement, "that any matter of defense might be given in evidence, as if legally and properly pleaded; and that all proper and legal replications should be considered as filed."

On the trial, as the bill of exceptions states, the plaintiff read in evidence the bond on which the suit was founded, and proved that the lands, on the 25th December, 1839, were worth $3,000; also, "that he called on the defendant's intestate, at the maturity of said bond, and demanded of him a title to said land; that the said intestate replied, that he did not have a title, and could not then make one"; also, "that he again called on said intestate, in 1841, or 1842, and demanded a title to said lands; that said intestate replied to this demand as before, and asked for further time to comply with his bond"; "that he again called on the intestate, in 1852, and demanded titles to said lands; that said intestate replied as before, and further said, that the man had run away from whom he had purchased the land, and that he had been unable to find him; that plaintiff thereupon told him, that he had employed counsel to bring suit on the bond; to which said intestate replied, that the statute of limitations would soon give title to the land, and that he would get a patent for the land, if plaintiff would not sue him on the bond, and make him a title, and asked for further time to make title"; "that in June, 1857, plaintiff called on defendant, and demanded a title to said lands; and that defendant replied, that she had no title to said lands, and did not know anything about the title, and had not been able to find out from whom her intestate had purchased said lands." The defendant objected to the admission of the declarations of herself and her intestate, as above stated, and reserved exceptions to the overruling of her several objections.

"The foregoing being all the evidence introduced by the plaintiff, the defendant then proved, that the plaintiff went into the possession of said lands, in 1839, and retained the possession of one hundred and sixty acres thereof for several years, and then sold the same to Miss Susannah Hugely, who went into the possession thereof immediately after the sale, and has cultivated the same, and remained in possession ever since, undisturbed; that the other half of said land was purchased by plaintiff for his mother, who went into the possession thereof in 1839, and has been in possession thereof ever since, cultivating the same as her own. The defendant offered to prove, that, on the 12th December, 1853, at the instance of the plaintiff, said intestate made a deed to Miss Hugely for one hundred and sixty acres of said land, and that plaintiff received said deed as a compliance, to that extent, with the obligation of the bond; but, because the *range* named in said deed was, by mistake, different from that stated in the bond, the court excluded said deed from the jury, on the plaintiff's objection; to which the defendant excepted. In connection with said deed, and the acceptance of the same by the plaintiff, the defendant offered to show, that the land described in the bond was the land intended to be conveyed by said deed; but the court excluded this evidence also, and the defendant excepted. The defendant offered to prove, also, the value of the rent of the land so possessed by the plaintiff, since the plaintiff went into the possession thereof; but the court excluded this evidence also, and the defendant excepted. The defendant also proved, that she obtained letters of administration on the estate of her intestate, on the 16th October, 1856; and, immediately thereafter, made publication as the law directs." The defendant also read in evidence two letters; one from the commissioner of the general land-office at Washington, dated the 28th December, 1857, which stated, that the land described in the bond was an Indian reservation, and was not subject to entry as public land; and the other from the plaintiff, to the defendant's attorney, dated the 27th September,

Bedell's Adm'r v. Smith.

1858, and stating, that plaintiff had bought one-half the land for his mother—that the title was "going" to his mother—that the suit was brought in his name, because the bond was in his name—and that the intestate had made a deed to Miss Hugely for the other half of the land.

"This being all the evidence, the court charged the jury, that, if they believed the evidence to be true, the plaintiff was entitled to recover the value of the land on the 25th December, 1839, with interest from that time to the present"; also, "that the declarations of the defendant's intestate, as proved, if they believed that they were made as proved, would prevent the statute of limitations from being a bar to this action;", and that, "the suit having been commenced within eighteen months after the grant of letters of administration on the intestate's estate, the jury had nothing to do with the plea of the statute of non-claim, and need not ascertain whether the claim was presented to the defendant before the commencement of the suit"; to each of which charges the defendant excepted.

The rulings of the court on the pleadings and evidence, and the charges to the jury, as before stated, are now assigned as error.

THOS. H. WATTS, CLOPTON & LIGON, and N. S. GRAHAM, for appellants.—1. Each breach assigned in the complaint is demurrable, because there is no averment of the tender of a deed, and no averment of an eviction by title paramount.—*Wade v. Killough*, 4 Stew. & P. 450; *Johnson v. Collins*, 17 Ala. 324, and authorities there cited; *Banks v. Whitehead*, 7 Ala. 84.

2. The statute of limitations was a complete bar, under the facts proved; and neither the declarations of the intestate, nor those of the defendant, could prevent the statute from running.—*Crawford v. Childers*, 1 Ala. 482; *McVay v. Wheeler*, 6 Porter, 205; *Duffie v. Phillips*, 31 Ala. 573; 11 Wheaton, 309; 3 Md. Ch. 398; 16 Geo. 114; 11 Ired. 427; Angell on Lim. 247, § 28.

3. The deed to Hugely, for a part of the land, being ex-

ecuted at the request of the plaintiff, and accepted by him, was a partial satisfaction of the bond; at least, it ought to have been allowed to go to the jury, that they might determine whether it was so accepted.—*Collins v. Johnson,* 20 Ala. 435; *Gibbs v. Jemison,* 12 Ala. 820.

4. The first charge to the jury was erroneous for several reasons. In the first place, it was an invasion of the province of the jury, because there was a conflict in the evidence.—*Allman v. Gann,* 29 Ala. 240; *Freeman v. Scurlock,* 27 Ala. 407. In the next place, the plaintiff was not entitled to recover at all, because he was not the party really interested; having bought one half of the land for his mother, and having sold the other half to Hugely. In the next place, if the plaintiff was entitled to recover at all, the charge asserted an erroneous measure of damages. *Whitesides v. Jennings,* 19 Ala. 784.

GUNN & STRANGE, *contra.*—1. The complaint alleges facts which dispense with the necessity of averring an eviction and the tender of a deed.—*Johnson v. Collins,* 17 Ala. 318; *Garnett v. Yoe,* 17 Ala. 74; *Allen v. Greene,* 19 Ala. 34.

2. The statute of limitations prescribed by the Code, (§ 2476,) does not govern the case, because only four years intervened between the adoption of the Code and the commencement of the suit.—*Henry v. Thorpe,* 14 Ala. 103; *Rawls v. Kennedy,* 23 Ala. 420. The act of 1802,(Clay's Digest, 327, § 81) does not include penal bonds conditioned for any thing else than the payment of money.—*Williams v. Talbot,* 16 Tex. 1; 7 Johns. Ch. 556; 1 Saunders, 38; 17 Johns. 165; 33 Penn. St. R. 435; 2 Martin's La. (N. S.) 545; 4 Texas, 159; 16 Arkansas, 122; 21 Barbour, 351.

3. If the statute of limitations be applicable to the case, the repeated promises of the intestate would prevent its operation.—*Evans v. Carey,* 29 Ala. 99; 30 Vermont, 262; 14 Geo. 661; 8 Rich. (S. C.) 113.

4. The admissions of the defendant and her intestate, having been acted upon by the plaintiff, were not only com-

Bedell's Adm'r v. Smith.

petent evidence, but might amount to an estoppel.—*Garrett v. Garrett*, 27 Ala. 651 ; *Gwynn v. Hamilton*, 29 Ala. 232.

5. The deed to Hugely could have nothing to do with the case, because the land conveyed by it was not the land mentioned in the bond ; and because, if the land had been the same, the grantor had no title to it.

A. J. WALKER, C. J.—The declaration was not objectionable, for the want of an averment of the tender of a deed to be executed by the defendant's intestate ; because it shows that the vendor had no title, and also that he refused to make a title, when requested, for the reason that he had none. The law does not require the useless ceremony of the preparation and tender of a deed under such circumstances.—*Johnson v. Collins*, 17 Ala. 318 ; *Garnett v. Yoe*, ib. 74. The plaintiff had a right of action as soon as the condition of the bond was broken by a failure to convey ; it was not necessary that there should have been an eviction of the plaintiff before the action was brought ; and, of course, an averment of such eviction in the declaration was not indispensable. Having thus found the only two objections to the declaration urged in this court to be untenable, we decide that there was no error in overruling the demurrer to the declaration.

[2.] The declarations of the defendant and her intestate conduced to show, both a refusal on the part of the declarants to make title, and an inability to do so ; both of which were important facts in this case. For that reason, and probably for other reasons, those declarations were admissible evidence.

[3.] The plaintiff's cause of action accrued before the Code went into operation, and is subject to the statute of limitations existing before that time.—Pamphlet Acts of '53–4, p. 71 ; *Martin v. Martin*, 35 Ala. 560. In the law existing at the time when the Code went into operation, there was no statute of limitations applicable to a suit upon a penal bond, conditioned for the discharge of a duty, and

40

not for the payment of money. The act of 1802, which prescribes a limitation of sixteen years, includes only actions upon leases under seal, single or penal bills for the payment of money only, obligations with condition for the payment of money only, and awards under the seals of arbitrators for the payment of money only.—Clay's Digest, 327, § 81. A bond conditioned, as is the one here in suit, to make a title to land, is obviously not a cause of action embraced within that statute. It results, that there was no error in any ruling of the court adversely to the defense of the statute of limitations.

[4.] We think the court erred in excluding the deed offered in evidence. The purpose of its offer was to show the acceptance of an act as a compliance, *pro tanto*, with the condition of the bond ; and we think it ought to have been admitted in evidence, in connection with proof of its being made at the request of the plaintiff, and of its acceptance by him, as a compliance with the condition of the bond *pro tanto*. It is true, parol evidence was not admissible, to show the mistake in the description of the land. Such evidence would only be admissible in a direct proceeding for the reformation of the deed. The deed offered in evidence contains a warranty of title, upon which the grantor would be responsible. Now the giving of this deed, with a covenant of warranty, although the grantor may have had no title to the land described in it, was a valuable consideration to support the plaintiff's agreement to accept it as a compliance, *pro tanto*, with the condition of the bond, or as a satisfaction of it *pro tanto ;* and that agreement, being thus sustained by a valid consideration, must be upheld. If it were not, it would result that, while the defendant would be denied the benefit of it in this suit, she might be held responsible at the suit of the third person, in whose favor the deed was made, for a breach of warranty. If the deed were reformed, the case would not be changed. The warranty in it would still be a valuable consideration for its acceptance as a partial satisfaction of the bond ; and it would be most unreasonable

that the defendant should be deprived of the benefit of the partial satisfaction, and still held under responsibility to a third person, upon the covenants of a deed given in consideration of the agreement that it should be a partial compliance with the bond.

[5.] We do not think there is anything in the point that the suit is not in the name of the proper party plaintiff.

Reversed and remanded.