(82 South. 467)

LEWIS v. CITY OF BIRMINGHAM.
(6 Div. 880.)

(Supreme Court of Alabama.   April 10, 1919.
Rehearing Denied June 19, 1919.)

TAXATION ⊕⇒549(1)—TAX SALES TO STATE—
REDEMPTION — COMPENSATION OF OFFICER
EMPLOYED TO PROCURE—LIABILITY OF CITY.

Where the state auditor, as authorized un-
der Code 1907, §§ 2335, 2336, made a contract
with a party to investigate tax sales of land bid
in by the state, allowing him as compensation
10 per cent. of all proceeds arising from sales
or redemptions, the city of Birmingham cannot
refuse to pay such amount on its share; the
collection of assessments of Birmingham city
taxes and all tax sales, redemptions, etc., being
by Acts 1911, p. 130, turned over to state and
county officials.

Appeal from Circuit Court, Jefferson Coun-
ty; C. B. Smith, Judge.

Action by Ivey F. Lewis against the city
of Birmingham to recover compensation for
procuring redemption of lands and the sale
of lands sold for taxes and bid in by the
State.   Judgment for defendant, and plain-
tiff appeals.   Transferred from Court of Ap-
peals under section 6, p. 449, Acts 1911.   Re-
versed and rendered.

The complaint was on common counts and
special count 5, setting up the contract with
the state auditor and alleging the procure-
ment of a number of redemptions which in-
ured to the benefit of the city of Birming-
ham.   The following is the agreed statement
of facts:

It is hereby agreed by and between the par-
ties to this cause as follows:

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(1) That Exhibit A hereto attached and made a part of this agreement is a true and correct copy of plaintiff's contract with the state auditor, duly signed by Hon. M. C. Allgood, as auditor of the state of Alabama and approved by Hon. Charles Henderson, Governor of the state of Alabama.

(2) It is further agreed that from September 1, 1916, to August 31, 1917, inclusive, plaintiff procured redemptions of real estate through his efforts under said contract of employment in which the state's, county's, and city's part of said redemptions, respectively, was as follows:

State, $7,783.49, compensation claimed 10 per cent., $778.34.

County, $7,834.54; compensation claimed 10 per cent., $783.45.

City, $9,604.18; compensation claimed 10 per cent., $960.41.

Plaintiff's accounts showing the above were duly certified to by J. P. Stiles, judge of probate of Jefferson county, as provided in the third paragraph of said contract of employment and were approved by the state auditor at the end of each month, and plaintiff's said compensation as claimed by him and shown above on the state's and county's part has been duly paid; but plaintiff's compensation as claimed by him and shown above on the city's part of said redemption is still unpaid. That plaintiff presented his said accounts for each month so certified and approved as above stated, together with petition asking that the same be paid to the board of commissioners of the city of Birmingham within six months from the accrual thereof, respectively, and more than 10 days before the bringing of this suit, and said accounts were disallowed by said board of commissioners.

(3) It is further agreed that the plaintiff notified the parties in interest in each redemption as shown in his said accounts.

(4) That the judge of probate of Jefferson county, Ala., acting under section 28 of an act entitled "To provide for and regulate the assessment, levy, and collection of municipal taxes of all cities in the state of Alabama having over one hundred thousand population according to the last federal or state census" (Laws 1911, p. 130), has turned over to the city comptroller of the city of Birmingham the entire amount of the city's part of said redemptions.

H. A. Dickinson and Ivey F. Lewis, both of Birmingham, for appellant.

Fred G. Moore, of Birmingham, for appellee.

ANDERSON, C. J. The appellant was employed by the auditor, under section 2335 of the Code of 1907, to investigate tax sales of land bid in by the state, to notify parties in interest, and to secure the redemption or sale of said land. He had a written contract with the auditor allowing him a contingent fee of 10 per cent. on the proceeds arising from any sale or redemption, as authorized by section 2336 of the Code. It must be noted that the 10 per cent. is not confined to so much of the proceeds as may belong to the state and county, but extends to all the proceeds as may arise from the sale or redemption. The act of 1911 (page 130) practically turns over the assessment and collection of the city taxes of Birmingham to the state and county officials, pursuant to the statutes on the subject, and this is especially true as to tax sales, redemptions, and the resale of property bought in at such sales. Section 28 of the act provides for payment by the probate judge to the city of its proportion of redemption money. Section 29 requires the auditor to keep an account of the amount of city taxes due upon the property, and section 30 requires the auditor to give the city a warrant for its part of the proceeds from the sale of lands bought in by the state. It is manifest, from the entire act, that the state and county officials charged with the assessment and collection of taxes have the authority to represent and look after the city, and that the general statutes, as far as pertinent, are applicable thereto. Section 2335 must of necessity include and apply to city taxes since the passage of the act of 1911. Indeed, this record shows that the city has received certain funds arising thereunder, and it would be an anomaly to hold that the auditor had the authority to employ the appellant, under section 2335 and the act in question, for the purpose of putting funds into the city treasury, and yet had no authority to provide for his compensation as to the city's part under section 2336 of the Code. We hold that sections 2335 and 2336 are, by the terms of the act of 1911, made applicable to the taxes, etc., of the city of Birmingham, and that the contract made by the auditor with the appellant provides for 10 per cent. of all proceeds arising from a sale or redemption brought about by him, including so much thereof as should go to the city.

This case having been tried upon an agreed statement of facts, we think that the trial court erred in rendering judgment for the defendant, and the judgment is reversed, and one is here rendered for the plaintiff for $960.41, with interest thereon from the date the same was paid over to the city. It is needless to determine whether or not the demurrer was properly sustained to count 5, as the city received funds which belonged to the plaintiff and which he can recover under the common counts.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.