(93 South. 475)

## CITY OF BIRMINGHAM v. DOSTER-NORTHINGHAM DRUG CO.
### (6 Div. 635.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 18, 1922.)

Municipal corporations ⬤⟹977—Action against city for recovery of taxes erroneously paid held barred.

An action against the city of Birmingham for the recovery of taxes erroneously paid in May, 1915, *held* barred under Acts 1915, p. 297, § 11, relating particularly to defendant city and providing that such actions must be commenced within 12 months after payment and after written claim filed within three months; Acts 1911, p. 141, § 33, as to refunds of taxes erroneously paid, but not mentioning limitations, being inapplicable, although considered in connection with the six-year limitation in Code 1907, § 2347, which must be regarded as repealed by the later act so far as defendant city is concerned.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Doster-Northington Drug Company against the City of Birmingham to recover taxes erroneously paid. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and rendered.

Suit by appellee against the city of Birmingham to recover $720.97 for taxes erroneously and illegally paid and collected by appellee to appellant on May 28, 1915.

The complaint alleges the taxes were paid through error in the assessment thereof. The complaint was demurred to for its failure to aver that plaintiff had filed its written claim for the money within three months after the Act of August 20, 1915 (Acts 1915, p. 294), had become effective. Pleas were filed setting up the statute of limitation of one year under the above-cited act, and also the failure to file the claim within three months. Demurrer to the pleas was sustained, and the demurrer to the complaint overruled.

The cause was submitted to the court without a jury upon an agreed statement of facts. This agreement is in substance as follows: That on May 28, 1915, plaintiff paid to the city of Birmingham, through the tax collector of Jefferson county who was at said time ex officio tax collector of the city of Birmingham, the sum of $720.97 on an assessment against the plaintiff on personal property for escape taxes on account of solvent credits for the years 1909 to 1914, inclusive; that said assessment was made August 5, 1915, and was illegal; that written claim for the refund of said money was addressed to the board of commissioners of the city of Birmingham, and filed therewith

on April 16, 1917, and the refund denied the following day. This suit was brought for the recovery of said money on March 20, 1919. The trial court rendered judgment for the plaintiff, from which the defendant prosecutes this appeal.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appelllant.

The action is barred by the limitation of 12 months provided in Acts 1915, p. 294, § 11. An act of limitation is remedial, and operates on causes of action existing at its adoption. 14 Ala. 103; 17 Ala. 714, 52 Am. Dec. 199; 23 Ala. 240, 48 Am. Dec. 289; 35 Ala. 560.

W. H. Sadler, Jr., and E. N. Hamill, both of Birmingham, for appellee.

The action is governed by the limitation contained in Code, § 2347. 82 South. 467; 164 Ala. 529, 51 South. 159.

GARDNER, J. By this suit appellee seeks the recovery of taxes illegally and erroneously paid. The only question presented relates to the statute of limitation. The taxes were paid in May, 1915; a written claim was filed with the board of commissioners of the city in April, 1917, and this suit was filed in March, 1919.

Counsel for appellant insist that the statute of limitations is remedial in its nature, operating upon causes of action existing at its adoption, and that under the provisions of section 11 of the Act of 1915, page 294, this suit was barred, citing Henry v. Thorpe, 14 Ala. 103; Cox v. Davis, 17 Ala. 714, 52 Am. Dec. 199; Rawls v. Kennedy, 23 Ala. 240, 48 Am. Dec. 289; Martin v. Martin, 35 Ala. 560. Counsel for appellee, without controverting the principle of law stated in the foregoing authorities, insist that this case is not governed by the provisions of section 11 of the foregoing act, but by section 33 of the Act of 1911, in connection with the statutory limitation of six years found in section 2347 of the Code of 1907. The only question therefore argued by counsel for the respective parties relates to the proper construction of these statutory provisions. As pointed out in the case of Lewis v. City of Birmingham, 203 Ala. 217, 82 South. 467, the Act of 1911, p. 130, "practically turns over the assessment and collection of the city taxes of Birmingham to the state and county officials, pursuant to the statutes on the subject."

Section 33 of that act makes provision for a refund of money erroneously and illegally paid in the assessment or collection of taxes, but is silent as to any question of the statute of limitation; nor are we cited to any other provision of this act of 1911 upon this particular question. It seems to be conceded therefore, as we understand the argument of counsel, that the general provision of the Code of 1907 pertinent to the provisions of the act of 1911 in regard to this question of taxation were to be read in connection with the act, and that therefore the limitation as to the time within which a refund of such illegal taxes could be paid was to be found in section 2347 of the Code of 1907, being fixed therein at six years. It therefore appears that while the act of 1911 dealt especially with the question of taxation as applicable to the city of Birmingham, it did not deal particularly with the question of limitations; that matter being left to construction in connection with the general statutory provision.

The Act of 1915, p. 294, while a general law, was at the time of its enactment only applicable to the city of Birmingham. It deals with many matters concerning the welfare of the city and its government. Section 11 of this act deals specially with the limitation of actions for the refund of taxes illegally collected. It reads as follows:

"All payments of money made to any such city or any officer or board thereof under mistake of law or fact upon any irregular or illegal tax assessment, or any ordinance or resolution or any assessment for public improvements or for any such purpose whatever, shall only be recoverable if proceedings for such recovery shall be commenced within twelve months after such payment was made and after written claim filed within three months from the time such payment was made. Provided this shall not be construed to prohibit the governing body of such city from voluntarily paying such claim within two years from the time such money was so erroneously collected, provided, if in the opinion of the such governing body, the city has available funds which are not otherwise necessary to the proper administration of such city."

The question of importance, therefore, is whether or not the provisions of this section are applicable to the instant case. Counsel for appellee insist they are not upon the theory that the act of 1911 dealt specially with the subject of taxation, and the act of 1915 was not considering that one subject, but a large number of subjects pertaining to the city; and that the latter act, unless it is so plainly stated, will not be construed as repealing the former, citing City of Birmingham v. So. Express Co., 164 Ala. 529, 51 South. 159.

But, as we have previously stated, the act of 1911 contained no provision within itself concerning the question of limitation, and the real question here presented is whether or not the provisions of the act of 1915, above quoted, should be construed as a repeal of section 2347 of the Code, so far as the same applies to the city of Birmingham. If section 11 is not given this construction, it is difficult to see wherein it can have a field of operation at all. The language is plain and unequivocal, and deals specially with this particular question. It was ap-

plicable particularly to the city of Birmingham. Rules for construction are but aids in the determination of legislative intent; and that such was the legislative intent in the instant case we can entertain no serious doubt.

The argument is advanced that if this section should be so construed, the result would be a destruction of many of the vital parts of the taxation system, as outlined in the act of 1911, particularly with reference to sections 31 and 32 of that act. The consideration of these two latter sections will be reached when questions thereunder arise and are presented for determination. We are not impressed with this argument, that it should stand in the way of giving effect to the plain and unambiguous language of section 11 of the Act of 1915. It is conceded, as we read the briefs, that the construction we have here given to section 11 is fatal to the plaintiff's recovery. The cause was tried upon an agreed statement of facts. It therefore results that in our opinion the trial court erred in rendering judgment for the plaintiff. That judgment will be here reversed, and one rendered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.